UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOUNPANE PHAYMANY,<br><br>                  Petitioner,<br><br>   v.<br><br>NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER,<br><br>                  Respondent. | Case No. C25-854-RAJ-MLP<br><br>ORDER DIRECTING PETITIONER TO FILE A PETITION ON THE COURT'S STANDARD § 2241 HABEAS FORM |

      Petitioner Bounpane Phaymany is currently detained by U.S. Immigration Customs and Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. On May 1, 2025, Petitioner submitted to the Court for filing a document entitled "Memorandum of Law in Support of Petition of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (*See* dkt. # 1-1.) The document is essentially a form memorandum which sets forth legal claims and supporting arguments, and a request for relief generally applicable to detainees seeking relief from alleged indefinite detention by ICE, and it provides space for individual


petitioners to insert facts pertaining to their individual circumstances.[1] (*See id*.) Although a federal habeas action was opened in this Court upon receipt of the form memorandum, Petitioner has yet to file an actual federal habeas petition.

Pursuant to Local Civil Rule ("LCR") 100(a), a petitioner seeking federal habeas relief must use, or substantially follow, the form prescribed by this Court for such petitions and must provide all of the information required by the form. Local Rules W.D. Wash. LCR 100(a). As noted above, Petitioner here did not file a petition, only a memorandum in support of a petition, and the memorandum does not "substantially follow" the Court's prescribed form. The Court notes, in particular, that Petitioner did not identify any Respondent in his memorandum, information which is required by the Court's standard form and by statute. *See* 28 U.S.C. § 2242. Also required, but absent from the memorandum, is Petitioner's verification as to the truthfulness of the information provided to the Court. *See id.*

Petitioner may correct these deficiencies by filing a petition on the Court's standard form, which will be provided to him with this Order. Petitioner must identify on the form a proper respondent, which is the person who has custody over him at the present time. *See* 28 U.S.C. § 2242 (An application for writ of habeas corpus must identify "the name of the person who has custody over [the applicant]."); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Because the Warden of NWIPC is the person who has immediate custody over Petitioner, the Warden is the proper Respondent in this action. Petitioner must also identify on the petition form the grounds upon

---

[1] On the first page of the memorandum is a statement indicating that it "was prepared by Rapid Defense Network, ACLU of Louisiana, and the Southern Poverty Law Center as part of a pro se guide." (*See* dkt. # 1-1 at 1.)

ORDER DIRECTING PETITIONER TO
FILE A PETITION ON THE COURT'S
STANDARD § 2241 HABEAS FORM - 2

which he seeks relief, and the petition must be signed and notarized. Petitioner must file his petition within ***thirty (30) days*** of the date on which this Order is signed, or this action will be subject to dismissal.

The Clerk is directed to send a copy of this Order to Petitioner together with a copy of the Court's § 2241 petition form. The Clerk is further directed to send a copy of this Order to the Honorable Richard A. Jones. Finally, the Clerk is directed to note this matter on the Court's calendar for ***August 1, 2025***, for review of Petitioner's petition.

DATED this 1st day of July, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

.

ORDER DIRECTING PETITIONER TO
FILE A PETITION ON THE COURT'S
STANDARD § 2241 HABEAS FORM - 3