UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOUPANE PHAYMANY,<br><br>                    Petitioner,<br><br>         v.<br><br>BRUCE SCOTT,<br><br>                    Respondent. | Case No. C25-854-RAJ-MLP<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Boupane Phaymany initiated this action in May 2025, while in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he was awaiting removal from the United States. (*See* dkt. # 1.) Petitioner asserted in his petition that his ongoing detention had become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he sought release from confinement on that basis. (*See* dkt. ## 1, 8.) Petitioner has since been removed from the United States. (*See* dkt. ## 30-33.) Accordingly, this Court recommends Petitioner's petition (dkt. # 8), and this action, be dismissed as moot.

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

Petitioner is a native of Thailand who entered the United States on March 24, 1988, as the child of a refugee. (First Booth Decl. (dkt. # 14), ¶ 3; First Lambert Decl. (dkt. # 15), Ex. A at 1.) On September 20, 2024, Petitioner was taken into ICE custody following his release from confinement on federal drug charges, and he was served with a notice to appear. (*See* First Booth Decl., ¶¶ 4-6.) On October 28, 2024, Petitioner appeared before an immigration judge and, after admitting he was a native and citizen of Thailand, he was ordered removed to Thailand. (*Id.*, ¶ 8; First Lambert Decl., Ex. F.) Petitioner then spent considerable time in ICE custody, apparently awaiting his removal to Thailand, before ICE discovered that he was actually a citizen of Laos because he was born to Laotian parents in a refugee camp in Thailand. (*See* First Booth Decl., ¶ 10.) Based on this new information, the Department of Homeland Security ("DHS") moved to reopen Petitioner's removal proceedings for the purpose of designating Laos as the appropriate country of removal. (*See id.*, ¶ 11; *see also* Second Lambert Decl. (dkt. # 27), Ex. A at 1.)

On September 10, 2025, DHS's motion to reopen proceedings was granted for the sole purpose of designating Laos as the country of removal, and following this designation the immigration court closed the matter without issuing a removal order to Laos. (Second Lambert Decl., Ex. A at 1.) On September 18, 2025, Petitioner filed a motion in this action seeking a temporary restraining order prohibiting the Government from removing him to any country "uncommon" to him, including but not limited to, Vietnam, Cambodia, and Laos. (*See* dkt. # 17.) Petitioner also sought an order directing his immediate release from ICE custody. (*See id.*) On September 25, 2025, U.S. District Judge Richard A. Jones granted in part Petitioner's motion for temporary restraining order, ordering that Petitioner not to be removed to a third country without notice and a meaningful opportunity to be heard in reopened removal proceedings with a hearing

before an immigration judge. (Dkt. # 22 at 9.) Judge Jones denied Petitioner's request for immediate release. (*See id.*)

On the same day the temporary restraining order was granted, DHS moved again in the immigration court to reopen Petitioner's removal proceedings to allow him an opportunity "to pursue any forms of relief from removal that may be available to him based on his Laotian citizenship and expressed fear of return to Laos." (Second Lambert Decl., Ex. A at 2.) DHS's motion was granted, and a hearing before an immigration judge was scheduled in Petitioner's reopened removal proceedings for October 21, 2025. (*Id.*, Exs. B-C.) On November 4, 2025, this Court issued an Order directing the Government to file a status report apprising the Court of the status of Petitioner's removal proceedings and the basis of his current detention. (Dkt. # 29.)

On November 7, 2025, the Government filed the requested status report and advised therein that Petitioner had been ordered removed to Laos at the October 21st hearing, that he had waived the opportunity to apply for asylum, withholding of removal, and withholding under the Convention Against Torture, and that he had waived the right to appeal the removal order, which rendered the order final. (*See* dkt. ## 30, 33.) The Government further advised that Petitioner had been removed to Laos on November 5, 2025. (*See id.*; *see also* Third Lambert Decl. (dkt. # 31), Ex. A.)

### III.   DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's federal

habeas petition sought only release from detention, and because Petitioner has now been released from ICE custody and removed from the United States, his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition should be dismissed as moot. *See id.*

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 8) and this action be dismissed with prejudice. This Court further recommends that the Government's return to Petitioner's petition (dkt. # 13), and Petitioner's pending motions (dkt. ## 24-25), be stricken as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 4, 2025**.

DATED this 13th day of November, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge